UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

LYNN HARRIS,
a citizen and resident of Michigan,

     Plaintiff,

v.

NCL (BAHAMAS) LTD., d/b/a
NORWEGIAN CRUISE LINES,
a Bermuda Corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LYNN HARRIS ("Plaintiff"), a citizen and resident of the State of Michigan, sues the Defendant, NCL (BAHAMAS) LTD., a Bermuda Corporation d/b/a NORWEGIAN CRUISE LINES ("Defendant"), a corporation with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1.     This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.     Plaintiff is sui juris and is a resident and citizen of the State of Michigan.

3.     Defendant is a Bermudan Corporation doing business as "Norwegian Cruise Lines" with its principal place of business in Miami, Miami-Dade County, Florida. Defendant is therefore a citizen both of Bermuda and of Florida for purposes of determining subject matter jurisdiction over this action.

*Harris v. NCL (Bahamas) Ltd. d/b/a/ Norwegian Cruise Lines*

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, based on diversity of citizenship. Plaintiff is a citizen of the State of Michigan, while Defendant is a citizen both of Bermuda and of Florida for jurisdictional purposes. The injuries and damages alleged in Paragraphs 13 and 15 below, including a right distal radius fracture requiring surgical repair, support an award of damages in excess of the jurisdictional amount of $75,000.00.

5.     At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

6.     At all material times, Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including Plaintiff.

7.     In the operative ticket contract, Defendant requires fare paying passengers, such as Plaintiff, to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8.     Venue is also proper in this district because Defendant's headquarters and principal place of business is located within this district.

9.     Plaintiff has complied with all conditions precedent to bringing this action. Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, Plaintiff gave Defendant timely written notice of her claim as required by the ticket contract on June 13, 2023. A copy of the notice of intent letter is attached as "Exhibit A."

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Harris v. NCL (Bahamas) Ltd. d/b/a/ Norwegian Cruise Lines*

## LIABILITY AND DAMAGE ALLEGATIONS
## COMMON TO ALL COUNTS

10.     At all material times, Defendant was engaged in the business of operating maritime cruise vessels for fare-paying passengers and for this purpose operated, among other vessels, the "Escape."

11.     At all material times, Defendant operated, managed, maintained, and was in exclusive control of the Escape.

12.     At all material times, including the injury date of May 21, 2023, Plaintiff was a fare paying passenger aboard the Escape and in that capacity was lawfully present aboard the vessel.

13.     On May 21, 2023, Plaintiff was aboard the Escape as a fare-paying passenger on Deck 16 heading toward the Garden Café when she slipped near the closed pool on a slippery, wet transitory and/or foreign substance, fell, and thereby sustained serious injuries, including a right distal radius fracture requiring surgical repair. The deck surface near the closed pool on Deck 16 was in a dangerous condition due to the wet, slippery, transitory and/or foreign substance referenced above, which made the walking surface unreasonably slippery. The dangerous condition was not open and obvious to Plaintiff or to a reasonable passenger in Plaintiff's circumstances because the slippery substance was transparent, such that reasonable passengers, including Plaintiff, could not appreciate its slippery nature before contact.

14.     At all material times, Defendant had actual or constructive knowledge of the dangerous condition referenced in the preceding paragraph, i.e., the reasonable tendency for the walking surface in the area near the onboard pool where Plaintiff slipped to become wet and slippery and therefore unreasonably dangerous for use as a passenger walking surface. This actual and/or constructive knowledge derived from the length of time the slippery condition had been present, sufficient to invite corrective measures, and due to the inspection and cleaning policies of

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Harris v. NCL (Bahamas) Ltd. d/b/a/ Norwegian Cruise Lines*

Defendant regarding the deck surface on Deck 16 near the closed pool. Furthermore, Defendant had actual or constructive knowledge of the dangerous condition because it was in a high traffic area on the vessel such that Defendant, through its crewmembers, knew or should have known of the likelihood of the presence of a wet or slippery foreign substance. In addition, Defendant acquired actual or constructive notice from prior similar slip-and-fall incidents that occurred on the Escape and/or vessels within the same or similar class ships, including, but not limited to, the following:

a) *Doneson v. NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Lines*, Case No. 1:19-cv-23043 – the plaintiff was walking across Deck 16, the pool deck of the ship, when he slipped and fell due to the presence of a wet, foreign, or transitory substance near the pool, resulting in a patellar fracture. This incident occurred on the Escape on July 21, 2018.

b) In addition to sources of notice referenced above, and upon information and belief, crew members aboard the Escape were present or near the closed pool area and adjacent deck area on Deck 16 before the time Plaintiff traversed it, conducting cleaning operations and or tending to nearby passengers, and thereby had actual or constructive notice of the slippery condition of the closed pool area and adjacent deck flooring before Plaintiff slipped and fell and with sufficient time to invite corrective measures.

15. As a direct and proximate result of the fall described in paragraph 13, Plaintiff was injured in and about her body and extremities, sustaining injuries, including a right distal radius fracture requiring surgical repair, suffered pain therefrom, and sustained mental anguish, disfigurement, disability and the inability to lead a normal life, and aggravation or activation of preexisting conditions. Furthermore, she incurred medical, hospital, and other out of pocket and

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Harris v. NCL (Bahamas) Ltd. d/b/a/ Norwegian Cruise Lines*

health care expenses in the past and is reasonably certain to occur such expenses in the future as a result of her injuries. Plaintiff has also suffered lost wages and benefits in the past and a past and future loss of earning capacity. These damages are permanent or continuing in their nature and Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I - NEGLIGENT MAINTENANCE

16.    Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

17.    At all material times, Defendant owed Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, including a duty to maintain its vessel, including the closed pool area and adjacent deck flooring on Deck 16, in a reasonably safe condition.

18.    At all material times, Defendant had actual and/or constructive notice of the dangerous condition described in Paragraph 13 above for the reasons alleged in Paragraph 14 above.

19.    Notwithstanding the actual or constructive knowledge of Defendant as alleged above, Defendant failed to detect or correct the hazardous condition of the closed pool area and adjacent deck flooring on Deck 16 before Plaintiff slipped and fell as alleged in Paragraph 13 above and was thereby negligent.

20.    The specific acts of negligence of Defendant include:

a)    failing to maintain the surface of the floor within the closed pool area and adjacent deck flooring on Deck 16 in a reasonably safe condition;

b)    failing to conduct sufficiently frequent or timely inspections of the area where Plaintiff fell in order to detect hazardous conditions such as the slippery surface present at the time Plaintiff slipped and fell;

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Harris v. NCL (Bahamas) Ltd. d/b/a/ Norwegian Cruise Lines*

c)      failing to clean and dry the area where Plaintiff fell in a timely manner;

d)      failing to correct the dangerous condition in a timely manner;

e)      failing to cordon off the area where Plaintiff fell pending cleaning and drying of the surface of the floor within the closed pool area and adjacent deck flooring on Deck 16;

f)      failing to use proper cleaning supplies or agents, the use of which would have prevented the subject surface from being slippery;

g)      failing to use or place nonskid mats or covering on the area where Plaintiff slipped and fell; and

h)      failing to conduct sufficiently frequent or timely inspections of the surface of the floor within the closed pool area and adjacent deck flooring on Deck 16 in order to detect hazardous conditions such as the slippery area present at the time Plaintiff slipped and fell.

21.      As a direct and proximate result of one or more of the negligence acts of Defendant as described above, Plaintiff slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II - NEGLIGENT FAILURE TO WARN OF HAZARD

22.      Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Harris v. NCL (Bahamas) Ltd. d/b/a/ Norwegian Cruise Lines*

23.      At all material times, Defendant owed Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, including a duty to warn passengers, including Plaintiff, of onboard dangerous conditions of which it had actual or constructive notice.

24.      At all material times, Defendant had actual and/or constructive notice of the dangerous condition described in Paragraph 13 above for the reasons alleged in Paragraph 14 above.

25.      Notwithstanding the actual or constructive knowledge of Defendant as alleged above, Defendant failed to warn passengers including Plaintiff adequately of the hazardous condition before Plaintiff slipped and fell as alleged in Paragraph 13 above, including a failure to provide adequate warning through adequate written or orally delivered warnings, appropriate signage or markings, placement of cones, cordoning off the dangerous area pending its cleaning and drying, or otherwise.

26.      As a direct and proximate result of the negligent failure to warn by Defendant as alleged above, Plaintiff slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages and the costs of this action, and further demands trial by jury of all issues so triable as of right.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Harris v. NCL (Bahamas) Ltd. d/b/a/ Norwegian Cruise Lines*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 29th day of July, 2024.

***/s/Philip M. Gerson***
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
JULIO D. TORRES
Florida Bar No. 1040446
jdtorres@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749
*Attorneys for Plaintiff*

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com